IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LORAN W. MAY, SR.,

                Petitioner,

   v.           CASE NO. 06-3112-SAC

UNITED STATES
OF AMERICA, et al.,

                Respondents.

**MEMORANDUM AND ORDER**

  This action was filed as a civil rights complaint, 28 U.S.C. 1331, by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas. Plaintiff names as defendants the United States, an "Assistant Prosecutor for U.S.A." in Kansas City, Missouri, and a federal Magistrate Judge in Missouri. As grounds for this complaint, May alleges defendant Powell "filed faulty indictment of conspiracy," and plaintiff has been held in custody on a faulty indictment. He alleges the court, presumably referring to the Missouri court in which an indictment was filed against him, has no jurisdiction. He also claims Magistrate Larsen violated his right to speedy trial and failed to order U.S. Marshals to deliver subpoenas, which left him without witnesses at a mental evaluation hearing. He further alleges he has filed a motion to dismiss, that defendant defaulted on it, and that he must be released from custody. He asserts his Fifth, Sixth and Eighth Amendment rights have been violated. He seeks money damages for unlawful detention, violation of his constitutional rights, and mental anguish. Plaintiff has also filed a motion for leave to proceed in forma pauperis (Doc. 2).

Plaintiff's answers on his form complaint indicate he has not exhausted administrative remedies. He alleges none are available.

The court is required by 28 U.S.C. 1915A(a) to screen a complaint in a civil action in which a prisoner seeks redress from a government official or entity, and to dismiss the complaint, or any portion of the complaint, that is frivolous, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A(b). Having screened the complaint filed in this action, the court finds it must be dismissed for failure to state a claim.

It is clear from the allegations of the complaint that plaintiff seeks to attack an indictment entered against him in a federal district court in Missouri, to allege a denial of speedy trial in the same Missouri criminal proceedings, and to challenge a mental evaluation hearing apparently held in connection with those proceedings. These types of claims, which are challenges to criminal proceedings, must be raised as objections or motions to the trial court before or during the criminal proceedings, or if the trial has been concluded, then on direct appeal of any criminal conviction. The exclusive remedy for challenging federal criminal proceedings after trial and direct appeal, is a post-conviction motion under 28 U.S.C. 2255 filed in the sentencing court. It is not clear from plaintiff's allegations if a judgment has been entered against him in the Missouri

criminal proceedings[1].  The court concludes this action is a premature attempt by plaintiff to challenge Missouri criminal proceedings[2], and is not properly before this court.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

**IT IS SO ORDERED.**

Dated this 4th day of May, 2006, at Topeka, Kansas.

                        s/Sam A. Crow
                        U. S. Senior District Judge

---

[1] A plaintiff seeking to recover for actions by defendants leading to an allegedly illegal criminal conviction by means of a civil rights complaint, would have his complaint dismissed as in the nature of a habeas corpus action, and premature under Heck unless and until the conviction has been overturned by some proper procedure. See Heck v. Humphrey, 512 U.S. 477, (1994); Parris v. U.S., 45 F.3d 383, 384 (10th Cir. 1995), cert denied, 514 U.S. 1120 (1995), *citing* Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994)(applying Heck to a Bivens action pursuant to 28 U.S.C. 1331 where plaintiff had not yet challenged the validity of his confinement by habeas petition) ; Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999).

[2] If this court construed plaintiff's allegations only as a civil complaint under 28 U.S.C. 1331 for money damages, the court would still be constrained to dismiss the complaint under 28 U.S.C. 1915A(b) because all named defendants are immune from liability for money damages. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

3